# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHARON REESIE M. YATES,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No:　6:18-cv-1750-Orl-31DCI

**HENRY CLINTON YATES, SR. ,**

      **Defendant.**

## ORDER

This matter is before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by the Defendant, Henry Clinton Yates (henceforth, "Yates").[1] (Doc. 21). The Plaintiff, Sharon Reesie Yates ("Reesie") opposes the motion (Doc. 22).

This case involves an October 19, 2009 promissory note (the "Note") executed by Yates. The payee was Reesie, who was married to Yates at the time. (Doc. 1, ¶ 6). The Note was due to be paid in October of 2014. On December 16, 2010, the Note was amended by agreement of the parties, with a restated principal sum of $173,733.27. The maturity date remained the same. *Id*., ¶ 8-9. Plaintiff contends that Defendant is in default and she seeks judgment for the principal balance, accrued interest, and attorney's fees. *Id*., ¶ 10.

It is undisputed that the Plaintiff is a citizen of Texas, the Defendant is a citizen of Florida, and the amount in controversy exceeds $75,000, (Doc. 1, ¶ 2-4), which in most cases would establish this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. However,

---

[1] Although Defendant bases his motion on Federal Rule of Civil Procedure 12(b)(6), it is actually governed by Fed.R.Civ.P. 12(b)(1).

Defendant contends that this case falls within the "domestic relations exception" to federal diversity jurisdiction, which divests the federal court of jurisdiction over suits involving, *inter alia*, the issuance of a divorce, alimony, or child custody decree. *Ankenbrandt v. Richards*, 504 U.S. 704, 112 S.Ct. 2206, 2215, 119 L.Ed.2d 468 (1992). As grounds for this contention, Defendant claims that the Note was part of the marital estate that was adjudicated by a Texas family law judge.

The domestic relations exception is "narrowly defined." *Rash v. Rash*, 173 F. 3d 1376, 1380 (11th Cir. 2015). It is not an absolute rule, but rather the question is whether the court, in its discretion, should abstain. *Id.*

> A district court should abstain from cases in which the following policies are present: (1) there is a strong state interest in domestic relations; (2) the state courts can competently settle the family dispute; (3) the state continues to supervise the decrees; and (4) federal dockets are congested. Not every case involving a dispute between present or former spouses, however, falls within the domestic relations exception, and a federal court should sift through the claims of the complaint to determine the true character of the dispute to be adjudicated, while keeping the policies favoring abstention in mind.

*McCavey v. Barnett*, 629 Fed. Appx. 865, 867 (11th Cir. 2015) (internal citations and quotations omitted) (concluding that district court properly dismissed case under domestic relations exception that would have required it to decide the propriety of division of trust property by state court that entered divorce).

The parties were divorced in 2012. In its 14-page final decree of divorce dated February 13, 2012, the Texas court made detailed and extensive findings regarding the division of the parties' marital estate. (Doc. 17, Exh.. A). The Note was not mentioned in the decree, and there is no indication that the court had any intention to include it in the disposition of the marital property. Accordingly, there is no reason to believe that this Court's exercise of diversity

jurisdiction over a dispute involving the Note would interfere with a family law matter that was concluded seven years ago.   In sum, the domestic relations exception has no application in this case.   Accordingly, it is

**ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 24, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party